```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                      FAYETTEVILLE DIVISION
```

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                          NO. 09-CR-50057

MARSHAL DUNCAN                                              DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is Defendant Marshal Duncan's "Motion to Compel Specific Performance of the Plea Deal Pursuant to Federal Rule of Criminal Procedure 32" (Doc. 22), the Government's Response (Doc. 24), and Defendant's Reply (Doc. 25). The undersigned, being well and sufficiently advised, finds and recommends as follows:

On September 3, 2009, Defendant pled guilty to knowingly possessing, receiving, concealing and storing a stolen firearm, in violation of 18 U.S.C. § § 922(j). (Doc. 16). On February 5, 2010, Defendant was sentenced to 120 months imprisonment, three years supervised release, and a $10,000.00 fine. (Doc. 21). Defendant did not file a direct appeal. In the motion currently before the Court, filed on July 10, 2015, over five years after he was sentenced, Defendant argues that the Government has violated the plea agreement because it has not "filed the three points reduction" for acceptance of responsibility. (Doc. 22 at pg. 2.) Defendant also argues that

his offense level and criminal history points were not calculated correctly.

With regard to the alleged breach of the plea agreement, the Government asserts that the vehicle for bringing this claim is for the Defendant to file a 28 U.S.C. § 2241 petition in the district of his incarceration.  The undersigned disagrees.  Defendant is not challenging how his sentence is being executed, but rather the validity of his sentence, as it does not reflect the three point reduction for acceptance of responsibility, which he argues constitutes a breach of the plea agreement.  Defendant's motion is, therefore, construed by the undersigned as being brought pursuant to 28 U.S.C. § 2255.  See Nichols v. United States, 474 Fed. Appx. 854, 855-56 (3rd Cir. 2012) (claims relating to breach of plea agreements that would require invalidation of the underlying conviction or sentence must generally be raised in a § 2255 motion); United States v. Mitchell, 444 Fed. Appx. 78, 79 (5th Cir. 2011); United States v. Seifert, 132 Fed. Appx. 647, 648 (7th Cir. 2005).

Habeas relief is an extraordinary remedy which will not be allowed to do service for an appeal, and significant barriers exist in the path of a defendant who seeks to raise an argument collaterally which he failed to raise on direct review.  See United States v. Moss, 252 F.3d 993, 1001 (8th Cir. 2001)(citing Bousley v. United States, 523 U.S. 614, 621, (1998)), cert.

denied, 534 U.S. 1097 (2002).  "More specifically, a claim unraised on direct appeal is procedurally defaulted unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." Id.; see also Swedzinski v. United States, 160 F.3d 498, 500 (8th Cir. 1998)(where issue is raised for the first time in a § 2255 motion and petitioner did not raise the issue at trial or on direct appeal, the issue is procedurally defaulted), cert. denied, 528 U.S. 846 (1999). Defendant failed to file a direct appeal and he has made no showing that he was actually innocent of the crime of which he was convicted, or of cause for his default and actual prejudice. Thus, his claims in the instant motion are procedurally barred.

  While it is, therefore, unnecessary to address the merits of Defendant's claims, the undersigned will nevertheless do so. With regard to his claim that the Government breached the plea agreement, the presentence investigation report (PSIR) awarded Defendant a three point reduction for acceptance of responsibility. Defendant's sentencing guideline range, based on an offense level of 29 (after the three point reduction for acceptance of responsibility) and a criminal history category of V, was 140 to 175 months imprisonment. (Doc. 19 ¶ ¶ 38, 39, 67.) However, pursuant to U.S.S.G. § 5G1.1(a), Defendant's guideline range was capped at 120 months, the statutory maximum authorized by 18 U.S.C. § 924(a)(2). Thus, Defendant's claim is

-3-

without merit, as he was assessed a three point reduction for acceptance of responsibility, but his sentence was determined by the statutory maximum, which was less than the guideline range.

As to Defendant's claim regarding his offense level, Defendant argues that the two point enhancement based on the offense involving three or more firearms should not have been applied, as his "part in this offense was premised on only (2) firearms." (Doc. 22 at pg. 3.) The PSIR stated that four of the stolen firearms were hidden by Defendant at his father's U-Haul business. (Doc. 19 at ¶ 16.) Defendant did not object to this paragraph, and thus, the two point enhancement was properly applied.

Defendant also argues that the two point enhancement for the firearms being stolen and the four point enhancement for the firearms being used or possessed in connection with another felony offense should not have been applied, as this conduct was within the scope of the underlying offense conduct and is "double counting." Defendant waived any challenge to these enhancements by either failing to object to them at sentencing, or withdrawing his objections (Doc. 18). See United States v. Burnette, 518 F.3d 942, 946 (8th Cir.), cert. denied, 555 U.S. 862 (2008); United States v. Mora-Hiquera, 269 F.3d 905, 913 (8th Cir. 2001). In any event, Defendant's "double counting" claims are without merit. See United States v. Locklear, 489 Fed.

AO72A
(Rev. 8/82)

Appx. 705, 706 (4th Cir. 2012); United States v. McClure, 396 Fed. Appx. 619, 621 (11th Cir. 2010); United States v. Blackbourn, 344 Fed. Appx. 481, 483-84 (10th Cir. 2009).

Finally, Defendant argues that the addition of two points to his criminal history score for committing the offense while on parole and the addition of one point for committing the offense less than two years after release from imprisonment constituted "double counting." Again, Defendant waived these arguments as they were not made at sentencing, and, in any event, they are without merit. See United States v. Tauer, 141 F.3d 1171 (8th Cir. 1998).

Based upon the foregoing analysis, the undersigned recommends that Defendant's motion (Doc. 22), which the undersigned construes as a § 2255 motion be **DENIED** and **DISMISSED WITH PREJUDICE.**

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B) & (c)(2). A "substantial showing" is a showing that "'issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.'" Cox v. Norris, 133 F.3d 565, 569 and n.2 (8th Cir. 1997). Based upon the above analysis of Defendant's § 2255 motion, the

undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends, that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of September, 2015.

*/s/ Erin L. Setser*
   HON. ERIN L. SETSER
   UNITED STATES MAGISTRATE JUDGE